# C. O. WHITE v. L. W. HERMINGHAUSEN et al., Appellants.

### Division One, September 16, 1918.

1. **SURVEY: Arbiters: Separate Report: Umpire.** A stipulation between two adjoining claimants to a parcél of 'land that the dividing line between their respective tracts should be ascertained by two surveyors, one to be chosen by each, and that if they could not agree a third, named in the stipulation, "shall decide all matters of difference between said two surveyors," did not require that the three should act together and join in one report, but the third could accept the parts of the line agreed upon by the two and proceed to survey the part not agreed upon by them, and file a separate report setting forth his finding. The stipulation did not require that there be one report concurred in by a majority, nor did it require that the third act jointly with the other two.

2. ———: ———: ———: **Understanding of Parties.** Where there is any ambiguity as to the meaning of a stipulation, what the parties did under it, without objection, with the full knowledge of each other, indicates its meaning.

Appeal from Chariton Circuit Court.— *Hon. Fred Lamb,* Judge.

AFFIRMED.

*O. C. Herminghausen* and *S. J. & G. C. Jones* for appellant.

(1) The surveyors having failed to establish the line in the form and manner provided in the stipulation, namely, by making a survey in accordance with the government field notes, their report is void, of no effect, is not binding, and should have ·been rejected by the court. Squires v. Anderson, 54 Mo. 193; Ellison v. Weather, 78 Mo. 124; Lorey v. Lorey, 60 Mo. App. 420; Coffin v. German Fire Ins. Co., 42 Mo. App. 295; 3 Cyc. 674, 675. (2) The reports of the surveyors, being separate, individual and independent of each other,

and no survey being concurred in by a majority of the surveyors acting under the stipulation, rendered their proceedings of no effect. Besides, the surveyors must act together—that is, as a body. When the two selected by the parties failed to agree, and which failure necessitated Jacoby acting as a third, he could not act independently of the others. He could only act jointly with the others. 3 Cyc. 653, 655, 666.

*J. A. Collet* for respondent.

(1) The law favors adjustments of controversies and discourages litigation, and the proceedings of the arbitrators will be liberally construed and their award upheld if it can be done without doing violence to the submission. 3 Cyc. 673. (2) Appellant will be held to the observance of the terms of the stipulations signed by him. Dowling v. Wheeler, 117 Mo. App. 169; Stone v. Trust Co., 183 Mo. App. 261. (3) Jacoby was not acting as a member of the board of arbitrators, but was an umpire chosen only to act in case of disagreement between members of the board of arbitrators, and it was proper for him to act alone as such umpire, and he had full authority in making his finding to decide all questions involved in the submission. 3 Cyc. 663; Home Insurance Co. v. M. Schiff's Sons, 103 Md. 164; Hartford Fire Ins. Co. v. Bonner Merc. Co., 56 Fed. 378; Lyon v. Blossom, 11 N. Y. Sup. Ct. 318; Tyler v. Webb, 49 Ky. 123; Havan v. Winnisimmet Co., 93 Mass. 377; Ingraham v. Whitmore, 75 Ill. 24.

WOODSON, J.—This is a suit in ejectment, brought by the plaintiff in the circuit court of Chariton County, to recover a strip of land off the east side of the northeast quarter of Section Four, Township Fifty-five, Range Twenty, in said county, containing some twelve or thirteen acres.

The plaintiff recovered a judgment for the possession of the land in the circuit court, and after taking the proper preliminary steps, the defendants duly appealed the cause to this court.

The controversy grows out of the location of the dividing line between the parties' farms. Prior to the institution of this suit repeated efforts were made by the parties to agree upon a dividing line, all of which came to naught, and thereupon this suit was instituted. While this suit was pending the parties again attempted to settle their differences and in pursuance thereto, on September 19, 1914, entered into the following written stipulation:

"It is hereby stipulated and agreed by and between the parties to the above entitled cause that said cause shall be compromised and dismissed upon the following terms and conditions, to-wit:

"First: It is agreed that the true line between the Northwest Quarter of Section Three, Township Fifty-five, North, Range Twenty, West, in Chariton County, Missouri, the property of C. O. White, and the North East Quarter of Section Four, Township Fifty-five, North, Range Twenty, West, in Chariton County, Missouri, the property of O. C. Herminghausen, shall be ascertained and determined by a legal survey to be made by two competent surveyors, one of whom shall be selected by plaintiff and the other by defendants, and in the event that the two surveyors thus chosen should fail to agree, then, the parties hereto agree upon C. E. Jacoby as the third surveyor, who shall decide all matters of difference between said two surveyors chosen by the parties hereto, and the line considered as the true line between the lands of plaintiff and defendants, and the parties to this suit agree to stand to and abide by such survey. However, in making such survey, the same is to be made from the United States field notes.

"Second: Both parties to this suit shall be notified of the time when said survey shall be made and shall have the opportunity to be present during said survey in person or by representative.

"Third: Said surveyors shall make and return to this court their report, showing the location of said line so made by them, and if said line does not coincide

275 Mo.—44

with the line as now marked by the fence between the aforesaid Northeast Quarter of Section Four and the Northwest Quarter of Section Three, they shall, by proper description, show the lands embraced between the true line so found by them and the line as now marked by said fence, and judgment shall be entered by this court in accordance with said report and shall be accepted by the parties hereto as a final judgment.

"Fourth: It is hereby further stipulated and agreed that this cause shall be transferred to the circuit court of Chariton County, Missouri, at Keytesville, and stand for final disposition at the November, 1914, term of said court at Keytesville.

"Fifth: It is further stipulated and agreed that the costs of making said survey, together with all court costs which have heretofore accrued in this suit, shall be divided and paid equally by the parties hereto.

"Signed in duplicate this 19th day of September, 1914."

Under the terms of this stipulation, plaintiff elected A. F. Arrington, a civil engineer of Chariton County, Missouri, and defendants M. E. Bannon, a civil engineer of Fort Madison, Iowa, to make a survey of the land in dispute between the parties.

In pursuance to the terms of said stipulation the parties to the same and the said engineers agreed upon met on the premises and proceeded to make the survey of the line and land in controversy. Arrington and Bannon, having failed to agree upon the dividing line, each of them as provided for by said stipulation made out and filed in said case their separate report, which are quite lengthy, showing the points wherein they agreed and disagreed; and thereupon said engineers, in compliance with the terms of said stipulation, called in C. E. Jacoby as the third engineer to decide the differences between them. After the latter had been called, the two reports of Arrington and Bannon were submitted to him and he was requested to proceed with the performance of the duties imposed upon him by the stipulation.

When these stipulations were submitted to him, Jacoby was uncertain as to his duties and how he should proceed to discharge them. That is, he was uncertain whether he should get the board together and make a re-survey of the whole thing or whether he, acting by himself and as umpire in the matter, should decide the questions not agreed upon by the other two surveyors. With these questions in his mind he took the matter up with both parties to the suit and also with the court, and after consultation between the counsel representing both parties and the court, without dissent or disagreement Mr. Jacoby was advised that under the terms of the stipulation he should treat as fixed and settled all points on which the two surveyors, composing the board, had agreed, and should proceed to a settlement of all questions in dispute between said surveyors.

In view of the foregoing instructions, Mr. Jacoby proceeded to and did resurvey the disputed line, accepting as correct the portions of the surveys agreed upon by Arrington and Bannon, and made his own survey of the remainder of the line, the part as to which they disagreed. In pursuance to this survey Mr. Jacoby made out his written report to the court, and filed the same in the case. This report covers ten pages of printed matter, besides two elaborate plats attached showing in detail the survey made by him. I omitted to state that the report of Mr. Bannon also had attached to it an equally elaborate plat showing the survey he made of the premises.

Jacoby, by his said report, found that the plaintiff was entitled to recover from the defendants, the following real estate, to-wit:

"Beginning at the corner common to Sections Three and Four of the Township line between Township Fifty-five and Fifty-six, Range Twenty, Chariton County, Missouri, thence running southerly in a straight line 2729.8 feet to the east quarter section corner of Section four, Township Fifty-five, Range Twenty, thence easterly a distance of 125 feet, to a point on the line of the present fence, marking the line between the Northeast

Quarter of Section Four and the Northwest Quarter of Section Three, thence northerly along the line of the present fence 2729.8 feet, more or less, to the Township line between Townships Fifty-five and Fifty-six, Range Twenty, thence west along said Township line 251.1 feet, to the point of beginning, containing in all 11.78 acres, more or less.''

In view of the position taken by defendants after the reports of Arrington and Bannon were filed, it is important to state that the record shows that during the time Arrington and Bannon were making the survey provided for by the stipulation, appellant was at all times present actively participating in what was being done, and at no time did he object to the course that was being pursued by these surveyors or the means and methods employed by them in the making of this survey.

After the report of Jacoby was filed in the case, the defendants filed their objections thereto covering seven printed pages.

I mention the great length of the reports of the surveys, elaborate plats accompanying them, and the length of the objections thereto, for the purpose of showing why they are not set out in this statement of the case.

At the hearing of the objections to the reports much evidence was introduced, the material portions of which will be noted during the course of the opinion.

After hearing the evidence, the court found the issues for the plaintiff and rendered judgment for him for the possession of the land before mentioned in the report of Jacoby.

Therefore, as previously stated, defendants duly appealed the cause to this court.

I.   Counsel for defendants insist (quoting), that ''the surveys having failed to establish the line in the

**Survey.**    form and manner provided in the stipulations, namely, by making a survey in accordance with the Government field notes, their report is void, of no

effect, is not binding, and should have been rejected by the court.''

If this instance was supported by the facts of the case, it would be well taken, but unfortunately for the defendants the report on pages 9, 10, 11, and 12 of the abstract of the record shows with much particularity the manner and form in which the Government surveys were followed in running the true line between the two farms of the parties to this suit. If there was any particular deviation from Government field notes it has not been called to our attention and for that reason we assume there was no material departure therefrom.

This insistence is ruled against the defendants.

II. It is next insisted by counsel for defendants that the judgment of the trial court should be reversed for the reason stated:

''The reports of the surveyors, being separate, individual and independent of each other, and no survey being concurred in by a majority of' the surveyors acting under the stipulation, rendered their proceedings of no effect. Besides, the surveyors must act together—that is, as a body. When the two selected by the parties failed to agree, and which failure necessitated Jacoby acting as a third, he, Jacoby, could not act independently of the others. He could only act jointly with the others.''

Separate Reports.

In support of this insistence we are cited to the 3 Cyc. 653, 655 and 666.

Conceding the corrections of the abstract legal proposition presented by this insistence, yet it has no application to this case, for the reason that the stipulation of the parties provides to the contrary. Its language is: ''In the event that the two surveyors thus chosen [Arrington and Bannon] should fail to agree, then the parties hereto agree upon C. E. Jacoby as the third surveyor, who shall decide all matters of differences between said two surveyors chosen by the parties hereto,'' etc.

Those surveys show that Arrington and Bannon agreed upon certain parts of the survey and disagreed as to all others; and the record shows that the survey or Jacoby accepted the parts agreed upon by them, and proceeded to survey the remainder of the line not agreed upon by the two surveyors mentioned. This was in strict compliance with the provisions of the stipulation mentioned. Arrington and Bannon did not select Jacoby; he was chosen by the plaintiff and defendants and named in the stipulation as the engineer who should finally dispose of the differences that might arise, if any, between the former two. The parties to the suit had the same legal right to select Jacoby to decide the differences that might arise between Arrington and Bannon, as they did to select the latter two in the first instance, and having done so his decision is binding and conclusive in the case. Moreover, the record shows that the plaintiff and defendants so understood the stipulation, for they were both present and participated in every thing that was done by all of the surveyors, and made no complaint whatever, thereby signifying their acquiescence in what they were doing. Had there been any ambiguity as to the meaning of the stipulation regarding this matter, then what the parties did thereunder, without objection, would have clearly shown their understanding of the same, as was said by NORTON, C. J., in Scott v. Scott, 95 Mo. 300, l. c. 318. "It has been said by an eminent chancellor: 'Tell me what the parties have done under a deed, and I will tell you what the deed means;' and in Patterson v. Camden, 25 Mo. l. c. 22, it is said: 'I know of no better mode of ascertaining the meaning of a writing than is shown if all the parties acted on a particular meaning."

The rule announced in those cases is particularly applicable to the case at bar, and is controlling herein.

We rule this insistence against the defendants.

III. Counsel for defendants present the last proposition decided in different language, in three other

separate paragraphs of their briefs. What we have ruled above is controlling upon these three propositions also.

Finding no error in the record, the judgment of the circuit court is affirmed. All concur.